CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 08 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSEPH L. RAINEY, | CASE NO. 7:12CV00200 |
| Petitioner, | |
| | MEMORANDUM OPINION |
| vs. | |
| WARDEN ZYCH, | By: Glen E. Conrad |
| | Chief United States District Judge |
| Respondent. | |

Joseph L. Rainey, a federal inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Rainey, who is incarcerated in the United States Penitentiary Lee County in Jonesville, Virginia, challenges the validity of his confinement under criminal sentences imposed by a federal court in Missouri. Upon review of the record, the court summarily dismisses the petition because Rainey fails to demonstrate an entitlement to relief under § 2241.

I

Rainey's petition and court records online provide the relevant procedural history. In December 2007, the United States District Court for the Western District of Missouri entered judgment against Rainey, convicting him of conspiracy to distribute cocaine base, distribution of cocaine base, and possession with intent to distribute cocaine base, and sentencing him to life imprisonment. United States v. Rainey, Case No. 6:06-cr-03079-DW-1 (W.D. Mo. Dec. 6, 2007). Rainey's direct appeals and § 2255 motion were unsuccessful.[1]

In Rainey's current petition, he asserts that his confinement is unconstitutional because in light of the United States Supreme Court's decision in Bloate v. United States, ___U.S.___, 130

---

[1] See United States v. Rainey, 605 F.3d 581 (8th Cir. May 21, 2010), cert. denied, 131 S. Ct. 432 (Oct. 10, 2010), pet. reh. denied, 131 S. Ct. 989 (Jan. 10, 2011); Rainey v. United States, Case No. 10-3467-CV-S-DW (W.D. Mo. Apr. 14, 2011).

S. Ct. 1345 (Mar. 8, 2010), the trial court violated Rainey's rights under the Speedy Trial Act during trial proceedings in 2007. On this ground, Rainey asserts that he is entitled to habeas relief under § 2241.

## II

A district court may not entertain a § 2241 petition attempting to invalidate a sentence or conviction unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of an inmate's conviction when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Rainey could have raised his current speedy trial claims on appeal or in his § 2255 proceedings. Rainey's § 2241 petition does not point to any recent change of substantive law making it legal to conspire to traffic in cocaine base or to distribute or possess the drug with intent to distribute, and the court is not aware of any such precedent or statutory amendment.[2] Therefore, Rainey fails to meet the Jones standard to show that § 2255 is inadequate or

---

[2] Certainly, Rainey's reliance on Bloate is misplaced, as this decision does not decriminalize the acts for which Rainey was convicted. 130 S. Ct. 1345 (finding that time granted to a party to prepare pretrial motions in a criminal case is not automatically excludable from the Speedy Trial Act's 70–day time limit).

2

ineffective to test the legality of his conviction, his claims cannot be addressed under § 2241, and this petition must be dismissed.

## III

For the reasons stated, the court dismisses Rainey's § 2241 petition because he fails to demonstrate that he is entitled to the relief requested. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 8th day of May, 2012.

*/s/ Glen Conrad*
Chief United States District Judge